UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURO RIVAS,<br><br>                    Plaintiff,<br><br>-against-<br><br>MLJ PAINTING CORP.,<br><br>                    Defendant. | 24-cv-4205 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

The parties in this action, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law, N.Y. Lab. Law §§ 190 *et seq.*, §§ 650 *et seq.*, advised the Court that they agreed to a settlement. Dkt. 11. On October 29, 2024, the parties submitted the executed settlement agreement as well as a letter addressing why the settlement should be approved. Dkt. 15. The settlement's key terms are a release by plaintiff Mauro Rivas of all wage claims against defendant MLJ Painting Corporation in exchange for a payment of $21,190.71, $7,592.57 of which will be paid to Rivas's counsel for costs and attorneys' fees. Dkt 15-1. The agreement does not contain a confidentiality provision, a general release, or a non-disparagement clause (although it does include a provision stating that the parties may not "defame" each other). *Id.* For the following reasons, the settlement is approved.

## LEGAL STANDARDS

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

When evaluating the fairness of a settlement agreement, district courts consider the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 335 (internal quotations omitted). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600.

## DISCUSSION

The Court has reviewed the motion, settlement agreement, and damages calculations. The Court has considered the factors set forth in *Wolinsky* and determines that the settlement and attorney's fees and costs are fair and reasonable.

### I. Settlement

First, as to the possible range of recovery, Rivas seeks approximately $10,000 in unpaid overtime wages. Dkt. 15 at 2. Assuming Rivas succeeded on his FLSA claim, he could obtain those wages plus "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If Rivas prevailed on his state-law claims, too, he estimates that he could be entitled to another $10,000. Dkt. 15 at 2. So Rivas's total possible recovery is $30,000.

Under the settlement agreement, Rivas will receive $13,598.14, or approximately 45% of his possible recovery. The Court finds that this amount is fair and reasonable. *See Zorn-Hill v. A2B Taxi LLC*, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement of approximately 25% of alleged damages and noting that "[s]everal courts have approved settlements that provide around one-quarter or one-third of total alleged damages*"); see also Santos v. YMY Mgmt. Corp.*, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving FLSA settlement that left plaintiff with 18% of total alleged damages).

Second, this case is still at its early stages as the parties haven't yet engaged in discovery. A settlement at this stage will both avoid the incurrence of additional expenses and any litigation risk that plaintiff faces in pursuing his claims. *See Ramirez v. AAM Rest. LLC*, 2021 WL 4238170, at *2 (S.D.N.Y. Aug. 2, 2021) (approving settlement and noting that "[i]f the litigation were to continue, Defendants would have to expend time and money on further discovery, motion practice, and trial, thereby potentially diminishing amounts available to settle this case").

Third, "the settlement was a product of litigation, where both sides were represented by counsel." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (quoting *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

Finally, nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335.

### II. Attorneys' Fees and Costs

Rivas seeks approval of $7,592.57 in attorneys' fees and costs, of which $793.50 will cover out-of-pocket costs incurred by counsel in connection with this action. Dkt. 15 at 3.

The attorneys' fee represents approximately 33% of the $30,000 net settlement amount. *See Beckert v. Ronirubinov*, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen

2

awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."); *accord Morales v. MBG Taverns Inc.*, 2019 WL 13256262, at *1 (S.D.N.Y. June 24, 2019). The Court finds these fees to be reasonable. *See Uribe v. Presitge Car Care of NY Inc.*, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023) (approving FLSA settlement where the plaintiff's counsel received 36% of the settlement funds); *Kassman v. KPMG LLP*, 2021 WL 1393296, at *4 (S.D.N.Y. Apr. 12, 2021) (approving FLSA settlement where the plaintiff's counsel received 35% of the settlement funds).

In this situation, the Court "will not compare the one-third contingency payment to the actual hours expended by counsel—commonly called a 'lodestar cross check'—to determine the reasonableness of the fee as many courts do." *Almanzar v. Silver Star Props. Corp.*, 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023). Here, "the plaintiff and the attorney agreed in advance that the attorney would be entitled to one-third of the settlement as attorney's fees" and, in doing so, the attorney bore "the risk of having to litigate [a] case[] in which the recovery may not adequately compensate them for the time expended." *Id.* "Finding such contingency fee arrangements not 'reasonable' under *Cheeks* whenever the attorneys achieve a significant benefit from the contingency arrangement will only serve to diminish the pool of attorneys willing to accept the risks in FLSA cases." *Id.*

## CONCLUSION

The Court approves the settlement and dismisses the case with prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: November 5, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge